UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| TOUCH OF HEAVEN MINISTRIES INC., | ) |
| CHURCH OF AKRON, OHIO | ) Case No. 19-53062 |
| | ) |
| | ) Judge Alan M. Koschik |
| Debtors. | ) |
| | ) |

**MOTION OF DEBTORS FOR AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY CERTAIN PREPETITION EMPLOYEE OBLIGATIONS AND RELATED CLAIMS AND (B) CONTINUE TO PROVIDE EMPLOYEE BENEFITS IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING OTHER RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court for the entry of an order, pursuant to sections 105(a), 363(b), 507 and 541(b)(2)(a)(ii) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), authorizing: (i) the Debtors to continue to pay and honor certain prepetition claims for, among other things (a) wages, salaries, commissions, overtime pay, and other unpaid compensation, (b) withholdings and deductions, and (c) reimbursable expenses; (ii) the Debtors to continue to provide all employee health benefits and all other employee benefits in the ordinary course of business; (iii) the Debtors to pay all related costs and expenses and continue other employment related programs; and (iv) the Debtors' banks to receive, honor, and pay all checks and electronic transfers related to the foregoing.

In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors and the last four digits of each of the Debtors' tax identification numbers following in parentheses are: Touch of Heaven Ministries, Inc., Church of Akron, Ohio ( 7505 ).

1

## Background

1. On the date hereof (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and are operating and managing their business, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of Debtors' chapter 11 cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of the chapter 11 cases, is set forth in detail in the Declaration of Director, Godess Clemons in Support of Chapter 11 Petitions and First Day Motions (the "Touch of Heaven Ministries, Inc., Declaration"), filed contemporaneously with this Motion and fully incorporated herein by reference.[2]

## Relief Requested

4. By this Motion, the Debtors are requesting entry of an order authorizing: (i) the Debtors to continue to pay and honor certain prepetition claims for wages, salaries, commissions, reimbursable expenses and other unpaid compensation (collectively, the "Employee Obligations") and withholdings and deductions (the "Withheld Amounts"); (ii) the Debtors to continue providing all employee health benefits and all other employee benefits in the ordinary course of business (collectively, the "Employee Benefits"); (iii) the Debtors to pay all related

costs and expenses; and (iv) directing the Debtors' banks to receive, honor, and pay all checks and electronic transfers related to the foregoing.

5. To minimize the personal hardship to Employees (as defined below) which will occur if the prepetition Employee Obligations and Employee Benefits are not paid and continued, and as a means of maintaining morale during this critical time, the Debtors seek entry of an order authorizing the Debtors, in their discretion, to pay and honor all Employee Obligations and to forward Withheld Amounts to the appropriate third-party recipient.

6. In addition, except as set forth herein, the Debtors seek authority, in their discretion, to: (i) continue to maintain and provide all Employee Benefits in the ordinary course of business; and (ii) pay all costs and expenses required to be paid under, or incident to, the Employee Benefits to the extent any amounts accrued prepetition and/or accrued post petition but are related to the period prior to the Petition Date.

7. The Debtors further seek authority, in their discretion, and without the need for further Court approval, to modify, cancel, discontinue and/or replace any policies, plans, offerings or programs relating to any Employee Obligations or Employee Benefits as they deem appropriate, and to pay any amounts necessary to effect such modification, cancellation, discontinuance or replacement in the ordinary course of business.

8. The Debtors also request authorization to continue certain other employment related programs in the ordinary course of business.

9. Finally, the Debtors seek entry of an order authorizing and directing its banks and other financial institutions to receive, process, honor and pay all checks presented for payment and electronic payments related to the foregoing Employee Obligations and Employee Benefits.

## A. Employee Obligations and Withheld Amounts

10. As of the Petition Date, the Debtors' workforce consists of approximately 5 hourly and salaried employees (collectively, the "Employees"). The Employees include the Debtors' pastor, church organist, church drummer, church janitor, and administrative assistant . The Employees are the backbone of the Debtors' business and the Debtors' restructuring efforts, and the Debtors require the full and uninterrupted involvement of the Employees throughout the chapter 11 cases in order to adequately continue the Debtors' operations and provide quality services.

11. As of the Petition Date, many Employees were owed, or had accrued, various sums for Employee Obligations, including wages, salaries, contractual compensation, bonuses, mileage, reimbursable expenses, and other accrued compensation. Certain of these obligations are outstanding as of the Petition Date and will continue to become due in the ordinary course of business after the Petition Date.

12. The Debtors pay the Employee Obligations and transmit the Withheld Pay Check Amounts to the appropriate third parties through a relationship with their payroll vendor Automatic Data Processing ("ADP") on a bi-weekly basis. The Debtors process Employees' hours and wages and other rights for each pay period and supplies such information to ADP. The Debtors then provide ADP a lump sum amount sufficient to pay all Employee Obligations and Withheld Amounts. ADP then prepares paychecks for each Employee and transmits Employee Obligations and Withheld Amounts as appropriate. In doing so, ADP provides a critical service for the Debtors for a fraction of what it would cost for the Debtors' own Employees to perform the necessary functions. Accordingly, the Debtors seek to continue this relationship with ADP in the

ordinary course of business. The Debtors fund their payroll on Wednesdays, and Employees are issued checks or direct deposit on Fridays.

13. The Debtors also reimburse certain hourly and salaried Employees for certain expenses, including, but not limited to, mileage, hotel stays, rental cars, and certain business-related meals in the ordinary course of its business (the "Reimbursable Expenses"). To enable the Employees to perform their jobs effectively, the Debtors must continue corporate policies of permitting certain Employees to incur business and travel-related expenses and thereafter seek reimbursement by submitting appropriate invoices or vouchers evidencing such expenses. In the ordinary course of the Debtors' business, Employees may travel to meet with vendors, suppliers, or potential new clients and are reimbursed for expenses incurred in connection therewith. The Employees may be unwilling or unable to continue this vital business practice if they are not reimbursed for these Reimbursable Expenses, thus irreparably injuring the Debtors' business.

14. The Debtors also accrue a small amount of Reimbursable Expenses on a monthly basis. Some Reimbursable Expenses remained unpaid as of the Petition Date because certain of the Debtors' obligations accrued either in whole or in part prior to the Petition Date, but will not become payable in the ordinary course of the Debtors' business until a later date. The Debtors usually reimburse Employees bi-weekly for their Reimbursable Expenses. The Debtors seek authority to pay, on the dates that Reimbursable Expenses would be due in the ordinary course, all Reimbursable Expenses that accrued but remained unpaid as of the Petition Date. As of the Petition Date, the Debtors estimate that approximately a small amount of reimbursable expenses remains unpaid in accrued Reimbursable Expenses.

15. In addition to Employee Obligations, the Debtors make certain deductions from Employees' paychecks to make payments on behalf of the Employees for, *inter alia*, medical

insurance, dental insurance, vision insurance, life insurance, retirement plans, and flexible spending and health savings accounts, among other programs, in the ordinary course of their business. From time to time, there may also be garnishments, support payments, and other similar programs, on account of which the Debtors ordinarily deduct a sum of money from an Employee's paycheck and pays that amount to a third party. All of these amounts withheld from an Employee's pay to be paid to another entity are referred to herein as the "Withheld Amounts."

16. Employee Obligations and Withheld Amounts may be due and owing as of the Petition Date because, among other things:

- The Debtors filed their chapter 11 petitions in the midst of regular and customary salary, compensation, and hourly wage payroll periods, and thus, Employees have not yet been paid certain amounts of their salaries, contractual compensation and wages for services previously rendered to the Debtors;

- Reimbursable Expenses have accrued but not yet been paid and/or expense reimbursement checks issued to date have not yet been presented for payment or have not yet cleared the banking system and accordingly were not honored and paid as of the Petition Date; or

- Certain other forms of compensation (including, but not limited to, PTO, bonuses, payments into Employee Benefit plans, and withholdings for benefit plan contributions) related to prepetition services have not yet been paid to or for the benefit of Employees because such benefits, although accrued either in whole or in part prior to the Petition Date, were not payable at such time, but rather will become payable in the future in the ordinary course of the Debtors' business.

17. The Debtors accrue approximately $4200.00 in gross Employee Obligations on a bi-weekly basis in favor of the Employees. Moreover, on a bi-weekly basis, the Debtors accrue approximately $782.00 in Withheld Amounts to be paid on behalf of the Employees. As of the Petition Date, approximately $4200.00 in prepetition Employee Obligations remains unpaid to the Employees, representing approximately two weeks of work performed but not yet paid. The Debtors seek authority to pay, on the dates that Employee Obligations and Withheld Amounts would be due in the ordinary course, all Employee Obligations and Withheld Amounts that have accrued but remain unpaid as of the Petition Date.

## Basis for Relief

18.     Section 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession to use property of the estate other than in the ordinary course of business after notice and a hearing. Bankruptcy Code section 105(a) further provides, in pertinent part, that "[the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

19.     The Debtors submit the Employee Obligations they seek to pay are entitled to priority status under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code. Furthermore, the Debtors are unaware of any individual Employee whose claim exceeds the $12,850 statutory limitation on the priority portion of the claims. See 11 U.S.C. § 507(a)(4). The payment of these amounts pursuant to this Motion would not, therefore, deplete assets of the estates.

20.     Furthermore, the vast majority of the Employees rely exclusively on their full compensation and/or reimbursement of prepetition Reimbursable Expenses to continue to pay

their daily living expenses. These individuals will be exposed to significant financial difficulties if the Debtors are not permitted to pay the unpaid Employee Obligations. Moreover, the Debtors submit that if they are unable to honor its Employee Obligations, Employee morale and loyalty will be jeopardized at a time when such support is critical.

21. The Withheld Amounts principally represent Employee earnings that Employees (in the case of voluntarily Withheld Amounts), and judicial authorities (in the case of involuntarily Withheld Amounts) have designated for deduction from Employees' paychecks. The failure to pay these amounts would result in hardship to Employees, as well as inquiries from third parties regarding the Debtors' failure to remit such funds. In many cases, the Withheld Amounts are not the Debtors' property, but belong to the Employees or third parties and, therefore, are not property of the Debtors' bankruptcy estates. Moreover, the Debtors' failure to submit these payments could cause the affected Employees, and possibly the Debtors, to face legal action.

22. Together, the Employees are essential to the orderly and successful reorganization of the Debtors' business operations. They have an intimate knowledge of the Debtors' business, and any deterioration in morale, welfare and focus at this critical time undoubtedly would adversely affect the Debtors, the value of their assets and business, and ultimately, the Debtors' ability to achieve a successful outcome in the chapter 11 cases.

23. Courts in this District have approved the payment of prepetition claims of employees for unpaid compensation, reimbursable expenses, and employee health and welfare benefits on the grounds that the payment of such claims was necessary to effectuate a successful reorganization. See In re CH Liquidation Association, Case No. 16-51552 (Bankr. N.D. Ohio July 1, 2016); In re Wings of Medina Liquidation, et al., Case No. 15-52722 (Bankr. N.D. Ohio November 17, 2015); In re South Franklin Circle, Case No. 12-17804 (Bankr. N.D. Ohio,

October 25, 2012); In re Franciscan Communities St. Mary of the Woods, Inc, Case No. 11-19865 (Bankr. N.D. Ohio, November 23, 2011); In re Twin City Hospital, Case No. 10-64360 (Bankr. N.D. Ohio, October 13, 2010); In re Bucyrus Community Hospital, Inc., Case No. 10-61078 (Bankr. N.D. Ohio, March 19, 2010); In re Forum Health, Case No. 09-40795 (Bankr. N.D. Ohio, March 16, 2009).[9] Similarly, the Court should authorize the Debtors to pay prepetition claims relating to the Employee Obligations and Employee Benefits.

24. The "fundamental purpose of reorganization is to prevent the debtor from going into liquidation, with an attendant loss of jobs." N.L.R.B. v. Bildisco & Bildisco, 465 U.S. 513, 528 (1984). Payment of the amounts requested in this Motion is in the interest of all parties because such payment will facilitate the continued operation of the Debtors' business. See Lehigh and New England Ry. Co., 657 F.2d 570, 581 (3d Cir. 1981). The relief sought by this Motion will allow the Debtors to continue to operate during the critical phases of the restructuring process with minimal disruption.

25. Finally, the Debtors request that all applicable banks and other financial institutions be authorized and directed, when requested by the Debtors, in their sole discretion, to receive, process, honor, and pay all checks presented for payment and to honor all funds transfer requests made by the Debtors related to Employee Obligations, Employee Benefits, and Withheld Amounts, regardless of whether such checks were presented or funds transfer requests were submitted prior to or after the Petition Date.

26. The Debtors are not requesting the assumption of any executory contract in this Motion and, therefore, nothing contained in this Motion shall constitute a request for authority to assume any policy, procedure, or executory contract that may be described or referenced herein. Further, nothing contained herein shall be construed as an admission regarding the validity of

any claim, a waiver of the Debtors' rights to dispute any claim, or a promise to pay any claim.

### Waiver of Rules 6003 and 6004

27. Notwithstanding the possible applicability of Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or otherwise, the Debtors request the relief sought by this Motion be immediately effective and enforceable upon entry of the order requested hereby. Further, Bankruptcy Rule 6003 provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may approve a motion to "pay all or part of a claim that arose before the filing of the petition" prior to twenty-one days after the Petition Date. See Fed. R. Bankr. P. 6003. As described herein and in the Touch of Heaven Ministries, Inc., Declaration, the Debtors' estates would suffer immediate and irreparable harm if the relief sought herein is not granted. Accordingly, the Debtors submit that Bankruptcy Rule 6003 has been satisfied.

### Notice

28. No trustee, examiner or official committee has been appointed in these chapter 11 cases. Notice of this Motion has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee for the Northern District of Ohio; (ii) those creditors listed on each of the Debtor's List of Creditors Holding 20 Largest Unsecured Claims; (iii) the Debtors' prepetition secured lender; (iv) the District Director of Internal Revenue; (v) each of the financial institutions subject to the relief requested in this Motion; and (vi) the Ohio Bureau of Workers' Compensation. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be given.

### No Prior Request

29. No prior request for the relief sought herein has been made to this Court or any other court.

30. WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A: (i) authorizing, but not directing, the Debtors to pay certain prepetition claims relating to Employee Obligations and Withheld Amounts; (ii) authorizing, but not directing, the Debtors to continue to provide Employee Benefits in the ordinary course, and to pay any required and related costs and expenses incident thereto; (iii) authorizing the continuation of the other employment related programs discussed herein in the ordinary course of business; (iv) authorizing, but not directing, the Debtors to modify, discontinue, cancel or replace any programs, plans or services relating to their existing Employee Obligations and Employee Benefits in the ordinary course and without the need for further Court approval; (v) authorizing and directing banks and other financial institutions to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the foregoing; and (vi) granting such other and further relief as is just and proper.

December 31, 2019                                                                 Respectfully submitted,

/s/ Charles Tyler, Sr.
Charles Tyler, Sr., Esq. (0074100)
Law office of Charles Tyler, Sr.
137 S Main Street, Suite 206
Akron, Ohio 44308
Telephone: (330) 665.0910
Facsimile: (330) 665.0718
charles.tyler@tylerlawoffice.com

PROPOSED COUNSE FOR DEBTOR
AND DEBTORS IN POSSESION

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| TOUCH OF HEAVEN MINISTRIES, | ) |
| INC., CHURCH OF AKRON, OHIO | ) Case No.: 19-53062 |
| | ) |
| Debtors. | ) Judge Koschik |
| | ) |
| | ) |

## NOTICE OF HEARING ON FIRST DAY MOTIONS

**PLEASE TAKE NOTICE** that _____, the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division. The Debtors are continuing in possession of their property and are operating and managing their business, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will present the Motions set forth below at a hearing on __, 2020 at__:00 .m. (prevailing Eastern Time) before the Honorable Judge Alan M. Koschik for the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, located at the John F. Seiberling Federal Building & U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308.

**First Day Motions**

1. Motion of Debtors for an Order (i) Authorizing the Debtors to (a) Pay Certain Prepetition Employee Obligations and Related Claims and (b) Continue to Provide Employee Benefits in the Ordinary Course of Business and (ii) Granting Related Relief;

2. Motion of Debtors for an Order (i) Authorizing Continued Use of Existing Cash Management Systems; (ii) Authorizing Maintenance of Existing Bank Accounts; (iii) Authorizing Continued Use of Existing Business Forms; and (iv) Waiving Certain Investment and Deposit Requirements;

---

[1] The Debtors and the last four digits of each of the Debtors' tax identification numbers following in parentheses are: Touch of Heaven Ministries, Inc., Church of Akron, Ohio ( 7505 ).

3. Motion of Debtors for an Order (i) Authorizing the Debtors to Pay Prepetition Trust Fund Taxes and (ii) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Relief;

4. Motion of Debtors for Interim and Final Orders (i) Prohibiting Utilities from Altering, Refusing, or Discontinuing Services; (ii) Determining That Utilities are Adequately Assured of Payment; and (iii) Establishing Procedures for Determining Requests for Additional Assurance; and

5. Motion of Debtors for Interim and Final Orders Approving (i) Use of Cash Collateral and (ii) Providing Adequate Protection.

Copies of the above-referenced Motions can be obtained (a) through the United States Bankruptcy Court's Pacer System; (b) by contacting Debtors' counsel: (i) by email at Charles.Tyler@TylerLawOffice.com (ii) by telephone at (330)665.0910 or (iii) by facsimile at (330) 665.0718

December 31, 2109          Respectfully submitted,

/s/ Charles Tyler, Sr.
Charles Tyler, Sr., Esq (0074100)
Law Office of Charles Tyler, Sr.,
137 S Main, Suite 206
Akron, Ohio 44308
Telephone: (330) 665.0910
Facsimile: (330) 665-0718
E-mail: Charles.Tyler@TylerLawOffice.com

PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION