# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| TOUCH OF HEAVEN | ) |
| MINISTRIES, INC., CHURCH | ) Case No.: 19-53062 |
| OF AKRON, OHIO | ) |
| | ) |
| Debtors | ) |
| | ) Judge Alan M. Koschik |
| | ) |

## MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES; (II) DETERMINING THAT UTILITIES ARE ADEQUATELY ASSURED OF PAYMENT; AND (III) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ASSURANCE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court for entry of interim and final orders, pursuant to sections 105(a), 362, 365, 366, 503(b), and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"): (i) prohibiting utility companies (each a "Utility Company," and collectively, the "Utility Companies") from altering, refusing, or discontinuing services to the Debtors, pending entry of a final order granting the relief requested in this Motion; (ii) determining that the Utility Companies are adequately assured of payment; (iii) establishing procedures concerning requests for additional assurance; and (iv) granting certain related relief.

In support of this Motion, the Debtors respectfully represent as follows:

## Background

1. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of Debtors' chapter 11 cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of the chapter 11 cases, is set forth in detail in the Declaration of Chairwoman Godess Clemons in Support of Chapter 11 Petitions and First Day Motions (the "Touch of Heaven Ministries, Inc., Declaration"), filed contemporaneously with this Motion and fully incorporated herein by reference.

4. In connection with the operation of their businesses, the Debtors obtain gas, electric, water, telephone, cable/internet, waste, and other services (collectively, the "Utility Services") from the Utility Companies for the Debtors' facilities, offices, and public spaces. The Utility Companies provide the Debtors with an aggregate total of approximately $1500.00 in Utility Services each month. A summary of the average monthly utility payments the Debtors makes to the Utility Companies is set forth on <u>Exhibit A</u> attached hereto (the "Utility Services List"). The Debtors estimate that their post petition use of the Utility Companies' services will remain at approximately the same levels, although seasonal effects and variations in the prices of such services may result in variations in the Debtors' average monthly utility expenses.

5. As of the Petition Date, the Debtors are current in their payments to all Utility Companies currently providing Utility Services to the Debtors. Currently, there are no deposits

being held by the Utility Companies.

## Relief Requested

6. Uninterrupted Utility Services are critical to the Debtors' ability to sustain their operations during the pendency of the chapter 11 cases. Any interruption in the Utility Services, however slight, would jeopardize not only the restructuring efforts of the Debtors, but also the ability of the Debtors to provide adequate and efficient service to the Debtors' customers. By this Motion, the Debtors seek interim and final orders (the "Interim Order" and "Final Order," respectively):

(i) prohibiting the Utility Companies from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors on account of amounts outstanding prior to the Petition Date or any perceived inadequacy of the Debtors' proposed adequate assurance; (ii) determining that the Utility Companies, including, but not limited to, those listed on the Utility Services List (defined below), have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; and (iii) approving the Debtors' proposed procedures for determining requests for additional adequate assurance of payment to Utility Companies for future utility services.

### A. The Proposed Adequate Assurance

7. The Debtors fully intend to pay all post petition obligations owed to the Utility Companies in a timely manner. The Debtors propose to provide a deposit equal to one month of the average seasonal cost of a Utility Service to any Utility Company requesting such a deposit in writing (a "Request"), provided that such requesting Utility Company (each a "Requesting Utility" and collectively, the "Requesting Utilities") is not the beneficiary of an escrow or other security arrangement, or that such Utility Company is not currently paid in advance for its services. Within 10 business days of receiving a Request for assurance of payment from a Requesting Utility, the Debtors shall provide each such Requesting Utility with a deposit (the "Adequate Assurance Deposit") in an amount calculated as the average seasonal cost to the Debtors of two weeks of Utility

Service from such Requesting Utility.

8. If a Utility Company requires an Adequate Assurance Deposit, it must serve the Request on: (i) the Debtors, Touch of Heaven Ministries, Inc., 131 High Street, Akron, Ohio 44308 (Attn: Godess Clemons); and (ii) counsel to the Debtors, Law of Charles Tyler, Sr., Charles Tyler, Sr., Esq., 137 S Main Street, Suite 206 Akron, Ohio 44308 (Attn: Charles Tyler, Sr., Esq.).

9. As a condition of accepting an Adequate Assurance Deposit, the Requesting Utility shall be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of future payment to such Utility Company within the meaning of section 366 of the Bankruptcy Code, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of the Debtors' chapter 11 cases. Upon the effective date of any plan of reorganization or upon the closing of a sale of substantially all of the Debtors' assets, with regard to any Requesting Utility that receives an Adequate Assurance Deposit, the Debtors request that it be entitled to: (i) in the case of a confirmed plan, have that deposited credited to any amounts owed to such Utility Company as of that date or in the future; or (ii) in the case of a sale, receive the return of such Adequate Assurance Deposit upon the cessation Utility Company's services to the Debtors post-closing.

10. The Debtors submit that the Adequate Assurance Deposits, in conjunction with the Debtors' ability to pay for future utility services in the ordinary course of business (collectively the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Companies. If any Utility Company believes that the Proposed Adequate Assurance is insufficient, it may request additional assurance pursuant to the procedures set forth more fully below.

**B.** **Adequate Assurance Procedures**

11. The Debtors submit that the Proposed Adequate Assurance is reasonable and protects the rights of the Utility Companies in accordance with the Bankruptcy Code. If, however, a Utility

Company is not satisfied with the Proposed Adequate Assurance, the Debtors proposes the following procedures for seeking additional adequate assurance (the "Additional Adequate Assurance Procedures"):

    a. If a Utility Company does not believe that the Proposed Adequate Assurance is sufficient (the "Objecting Utility"), it shall contact the Debtors in writing to attempt to resolve its request, but it shall have 14 days from entry of the Interim Order to file a notice with the Court requesting a hearing on additional adequate assurance.

    b. If a Utility Company requires additional adequate assurance, it must serve the request on: (i) the Debtors, Touch of Heaven Ministries, Inc., 131 High Street, Akron, Ohio 44308 (Attn: Godess Clemons); and (ii) counsel to the Debtors, Law office of Charles Tyler, Sr., Esq., Charles Tyler, Sr. Esq., 137 S Main Street, Suite 206 Akron, Ohio 44308 (Attn: Charles Tyler, Sr., Esq.).

    c. If the Debtors and the Objecting Utility do not come to an agreement on Additional Adequate Assurance, the Court shall hold a hearing to determine whether the Objecting Utility is entitled to additional adequate assurance.

    d. In the event that no Objecting Utility files a notice seeking additional adequate assurance within 14 days from entry of the Interim Order, then the Interim Order shall become the Final Order without the need for a further hearing.

**C.**     <u>**Subsequent Modifications of the Utility Service List**</u>

12. The Debtors have made an extensive and good faith effort to identify the Utility Companies and include them on the Utility Service List. Nonetheless, certain Utility Companies may not yet have been identified by the Debtors or included on the Utility Service List. To the extent that the Debtors identify additional Utility Companies, the Debtors will file amendments to the Utility Service List and shall serve copies of the Interim and/or Final Order (if and when entered) on such newly identified Utility Companies. The Debtors request that the Interim and Final Orders be binding on all Utility Companies, regardless of when such Utility Company was added to the Utility Service List.

**Basis and Authority for Relief Requested**

13. Section 366 of the Bankruptcy Code, provides as follows:

> (a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.
>
> (b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of a deposit or other security necessary to provide adequate assurance of payment.

11 U.S.C. § 366. Following the twenty-day period after the Petition Date, section 366 of the Bankruptcy Code contemplates that the Utility Companies may discontinue service to the Debtors if the Debtors do not provide adequate assurance of payment of their post petition obligations. An interruption of any Utility Service in the Debtors' chapter 11 cases would affect the Debtors' ability to adequately and efficiently provide products and services to the Debtors' customers, which would severely harm the viability of the Debtors' business.

14. Pursuant to section 366(c), "assurance of payment" is defined to mean one of the following: (i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed upon by the utility and debtor or trustee. See 11 U.S.C. § 366(c)(1)(A). Nothing in the Bankruptcy Code affects the Court's power to determine what amount, if any, is necessary to provide adequate assurance of payment to a Utility Company. As a result, Utility Companies do not have unfettered rights to demand assurance of payment beyond what the Court ultimately determines is reasonable. To the contrary, section 366(c)(3) of the Bankruptcy Code expressly empowers this Court to review, and if necessary alter, demands for adequate assurance by Utility Companies.

15. The assurance of payment provided to a Utility Company need only be "adequate." 11 U.S.C. § 366. "Adequate assurance" is not synonymous with "adequate protection." In determining adequate assurance, the bankruptcy court must determine whether the utility is subject to an unreasonable risk of nonpayment for services rendered after the entry of the order for relief; the utility is not entitled to a guaranty of payment. See In re Hennen, 17 B.R. 720, 725 (Bankr. S.D. Ohio 1982) ("Adequate assurance does not require an absolute guarantee of payment, and is largely a factual determination."); see also In re Caldor, Inc., 199 B.R. 1, 3 (S.D.N.Y. 1996); In re Adelphia Bus. Solutions, Inc., 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002); In re Santa Clara Circuits West, Inc., 27 B.R. 680, 685 (Bankr. D. Utah 1982). Whether a utility is subject to an unreasonable risk of nonpayment must be determined from the facts and circumstances of each case. Adelphia Bus. Solutions, Inc., 280 B.R. at 80. The Proposed Adequate Assurance for postpetition Utility Services complies with section 366 of the Bankruptcy Code, is not prejudicial to the rights of any Utility Company, and is in the best interests of the Debtors' estates.

16. Similar adequate assurance procedures have been approved by bankruptcy courts in this District in other chapter 11 cases. See, e.g., In re CH Liquidation Association, Case No. 16-51552 (Bankr. N.D. Ohio July 8, 2016); In re Wings of Medina Liquidation, et al., Case No. 15-52722 (Bankr. N.D. Ohio, Nov. 18, 2015); In re Franciscan Communities St Mary of the Woods, Inc., Case No. 11-19865 (Bankr. N.D. Ohio, November 23, 2011); In re Bucyrus Community Hospital, Inc., Case No. 10-61078 (Bankr. N.D. Ohio, March 19, 2010); In re Forum Health, Case No. 09-40795 (Bankr. N.D. Ohio, Mar. 18, 2009).[4]

**Notice**

17. No trustee, examiner or official committee has been appointed in these chapter 11 cases. Notice of this Motion has been served on the following parties or, in lieu thereof, to their

counsel, if known: (i) the United States Trustee for the Northern District of Ohio; (ii) those creditors listed on each of the Debtor's List of Creditors Holding 20 Largest Unsecured Claims; (iii) the Debtors' prepetition secured lender; (iv) the District Director of Internal Revenue; and (v) the Utility Companies. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be given.

## No Prior Request

18. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an interim order, substantially in the form attached hereto as Exhibit B: (i) prohibiting the Utility Companies from altering, refusing, or discontinuing services to the Debtors, pending entry of a final order granting the relief requested in this Motion; (ii) determining that the Utility Companies are adequately assured of

December 31, 2019

Respectfully submitted,

/s/Charles Tyler, Sr.
Charles Tyler, Sr., Esq. (0074100)
Law office of Charles Tyler, Sr.
137 S Main Street, Suite 206
Akron, Ohio  44308
Telephone:  (330) 665.0910
Facsimile:   (330) 665.0718
E-mail:  charles.tyler@tylerlawoffice.com

PROPOSED COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION